JOSEPH F. MAGEL et al., Respondents, v JOHN T. MATHER MEMORIAL HOSPITAL et al., Defendants, and JAMES D. SULLIVAN III et al., Appellants. [945 NYS2d 113]—

In an action to recover damages for medical malpractice, the

defendants James D. Sullivan III and North Shore Surgical Oncology Associates, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated October 15, 2010, as granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action asserted by the plaintiff Joseph F. Magel alleging malpractice based on lack of informed consent.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action asserted by the plaintiff Joseph F. Magel alleging malpractice based on lack of informed consent is denied.

In August 2004 the defendant James D. Sullivan III, who at all relevant times was affiliated with the defendant North Shore Surgical Oncology Associates, P.C. (hereinafter together the appellants), performed a laparotomy on the plaintiff Joseph F. Magel (hereinafter Magel). In a complaint against, among others, the appellants, Magel alleged that the laparotomy was negligently performed and that he did not give informed consent prior to undergoing the procedure. Additionally, Magel's wife asserted a cause of action alleging loss of services.

After the appellants moved for summary judgment dismissing the complaint insofar as asserted against them, the plaintiffs cross-moved, inter alia, for summary judgment on the issue of liability on Magel's cause of action alleging malpractice based on lack of informed consent. The Supreme Court denied the appellants' motion, and granted that branch of the cross motion which was for summary judgment on the issue of liability on Magel's cause of action alleging malpractice based on lack of informed consent.

"To establish a cause of action [to recover damages] for malpractice based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Spano v Bertocci, 299 AD2d 335, 337-338 [2002] [internal quotation marks omitted]; see Public Health Law § 2805-d [1]).

Here, relying on deposition testimony and his medical expert's opinion, Magel made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability with respect to his cause of action alleging malpractice based on lack of informed consent (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, in opposition to the cross motion, the appellants presented an expert opinion that raised a triable issue of fact as to whether Magel gave informed consent when he agreed to undergo the laparotomy. Contrary to the Supreme Court's determination, the appellants' expert's opinion was not conclusory and was adequately supported by record evidence, including medical reports and deposition testimony.

"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury" (*Bengston v Wang*, 41 AD3d 625, 626 [2007] [internal quotation marks omitted]; *see Feinberg v Feit*, 23 AD3d 517, 518-519 [2005]). Accordingly, under the circumstances, the Supreme Court erred in granting that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on Magel's cause of action alleging malpractice based on the lack of informed consent.

We note that the plaintiffs' request for certain affirmative relief is not properly before this Court, since the plaintiffs did not cross-appeal (*see Shkolnik v Krutoy*, 65 AD3d 1214, 1216 [2009]; *Viafax Corp. v Citicorp Leasing, Inc.*, 54 AD3d 846, 850 [2008]). Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32990(U).]**