In an action to recover damages for medical malpractice, lack of informed consent, negligent hiring and supervision, and wrongful death, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (O’Donoghue, J.), dated February 29, 2012, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Joanna Chikwe and denied those branches of their motion which were for summary judgment dismissing the causes of action to recover damages for medical malpractice and wrongful death insofar as asserted against the defendants David Adams and Mount Sinai Hospital.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Joanna Chikwe, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In November 2007, the plaintiffs decedent underwent a surgical procedure at the defendant Mount Sinai Hospital (hereinafter the hospital) for the repair of the mitral and tricuspid valves of her heart. The procedure was performed by the defendant David Adams, the chairman of the hospital’s department of cardiothoracic surgery, with the assistance of the defendant Joanna Chikwe, a fellow in the cardiothoracic department at the hospital. The plaintiffs decedent allegedly died as a result of the surgery and the plaintiff commenced this action against *926 Adams, Chikwe, and the hospital to recover damages for medical malpractice, lack of informed consent, negligent hiring and supervision, and wrongful death. The Supreme Court denied the defendants’ motion for summary judgment dismissing the complaint and the defendants appeal.
“The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury” (DiMitri v Monsouri, 302 AD2d 420, 421 [2003]; see Hayden v Gordon, 91 AD3d 819, 820 [2012]; Guzzi v Gewirtz, 82 AD3d 838 [2011]). On a motion for summary judgment, a defendant physician “must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby” (Stukas v Streiter, 83 AD3d 18, 24 [2011]; see Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [2012]; Healy v Damus, 88 AD3d 848, 849 [2011]; Heller v Weinberg, 77 AD3d 622, 622-623 [2010]). Once a defendant has made such a showing, the burden shifts to the plaintiff to “submit evidentiaiy facts or materials to rebut the prima facie showing by the defendant physician” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), but only as to those elements on which the defendant met the prima facie burden (see Stukas v Streiter, 83 AD3d at 23-24; Gillespie v New York Hosp. Queens, 96 AD3d at 902; Garrett v University Assoc. in Obstetrics & Gynecology, P.C., 95 AD3d 823, 825 [2012]).
Here, the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice by submitting a detailed expert affidavit that was based on the medical records (see e.g. Barrett v Hudson Val. Cardiovascular Assoc., P.C., 91 AD3d 691, 692 [2012]) and which demonstrated that the surgery was performed in accordance with good and accepted standards of medical practice (see Olgun v Cipolla, 82 AD3d 1186, 1187 [2011]; Smith-Johnson v Gabbur, 65 AD3d 1122, 1124 [2009]; Dandrea v Hertz, 23 AD3d 332 [2005]). However, contrary to the defendants’ contention, the expert affidavit submitted by the plaintiff in opposition to the motion was also detailed and based on the medical records, and was sufficient to raise a triable issue of fact as to whether Adams deviated from accepted medical practice (see generally Alvarez v Prospect Hosp., 68 NY2d at 324). As “[s]ummary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions” (Feinberg v Feit, 23 AD3d 517, 519 [2005]; see Magel v John T. Mather Mem. Hosp., 95 AD3d 1081, 1083 [2012]; Hayden v Gordon, 91 *927 AD3d at 821; Bengston v Wang, 41 AD3d 625, 626 [2007]), the Supreme Court properly denied that branch of the defendants’ motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against Adams and the hospital. Moreover, as the cause of action to recover damages for wrongful death was based upon acts of malpractice, the Supreme Court properly denied that branch of the defendants’ motion which was for summary judgment dismissing the cause of action to recover damages for wrongful death insofar as asserted against Adams and the hospital.
However, the Supreme Court erred in denying that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against Chikwe. A resident or fellow who is supervised by a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for medical malpractice unless the resident or fellow knows that the supervising doctor’s orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders, or the resident or fellow commits an independent act that constitutes a departure from accepted medical practice (see Cook v Reisner, 295 AD2d 466, 467 [2002]; see also Bellafiore v Ricotta, 83 AD3d 632, 633 [2011]; Soto v Andaz, 8 AD3d 470, 471 [2004]). Here, the defendants made a prima facie showing that Chikwe did not exercise any independent medical judgment during the surgical procedure and that Adams’s orders were not so clearly contraindicated by normal practice that ordinary prudence required inquiry into the correctness of the orders. The defendants also made a prima facie showing that Chikwe did not commit an independent act that constituted a departure from accepted medical practice. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against Chikwe. Mastro, J.E, Austin, Roman and Cohen, JJ., concur.