■ REUVEN YAKUBOV, and Another, as Proposed Coadministrators of the Estate of MARGARITA YAKUBOV, Deceased, et al., Appellants, v SHIBRAH JAMIL, M.D., Defendant, and ELIZABETH VILANOVA, C.R.N.A., Respondent. [994 NYS2d 190]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Siegal, J.), entered May 6, 2013, which granted the motion of the defendant Elizabeth Vilanova pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

"[C]ourts have recognized that a nurse who renders treatment can play a significant role [in a patient's care] and is capable of committing malpractice" (*Martinez v Tsung*, 14 AD3d 399, 400 [2005]; *see Bleiler v Bodnar*, 65 NY2d 65 [1985]; *Bamert v Central Gen. Hosp.*, 77 AD2d 559 [1980], *affd* 53 NY2d 656 [1981]). However, a nurse whose work is supervised by a physician and who does not exercise independent medical judgment cannot be liable for medical malpractice unless the directions from the supervising physician so greatly deviate from normal medical practice that the nurse should be held liable for failing to intervene, or the nurse commits an independent act that constitutes a departure from accepted medical practice (*see Poter v Adams*, 104 AD3d 925, 927 [2013]; *Bellafiore v Ricotta*, 83 AD3d 632 [2011]).

Here, while there was evidence that the defendant Elizabeth Vilanova, a certified registered nurse anesthetist, played an active role in the decedent's operation, it was established that she was acting under the direct supervision of the attending anesthesiologist the entire time and did not exercise any independent medical judgment, nor did she commit an independent act constituting a departure (*see Soto v Andaz*, 8 AD3d 470 [2004]). Moreover, no rational juror could find on the present record that the actions of the attending anesthesiologist deviated so greatly from normal medical practice that Vilanova could be held liable for failing to intervene (*see Muniz v Katlowitz*, 49 AD3d 511 [2008]).

According, the Supreme Court properly granted Vilanova's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against her. Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.