■ JOANN THOMAS HARRIS et al., Appellants, v SAINT JOSEPH'S MEDICAL CENTER, Also Known as ST. JOSEPH'S MEDICAL CENTER, et al., Respondents, et al., Defendants. [9 NYS3d 667]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (O. Bellantoni, J.), entered October 31, 2013, which, upon an order of the same court entered January 11, 2013, among other things, granting the motion of the defendants Saint Joseph's Medical Center, also known as St. Joseph's Medical Center, and St. Joseph's Family Health Center for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiffs dismissing the complaint insofar as asserted against them.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the first and fourth causes of action insofar as asserted against the defendants Saint Joseph's Medical Center, also known as St. Joseph's Medical Center, and St. Joseph's Family Health Center; as so modified, the judgment is affirmed, with costs to the appellants, the first and fourth causes of action insofar as asserted against the defendants Saint Joseph's Medical Center, also known as St. Joseph's Medical Center, and St. Joseph's Family Health Center are reinstated, and the order entered January 11, 2013, is modified accordingly.

On September 8, 2006, the plaintiff Joann Thomas Harris (hereinafter the injured plaintiff) underwent hernia repair surgery at the defendant Saint Joseph's Medical Center, also known as St. Joseph's Medical Center (hereinafter the Hospital). Nine days later, the injured plaintiff went to the Hospital emergency room complaining that her surgical wound had opened. According to the Hospital records, the treating emergency room doctor consulted with the injured plaintiff's surgeon, who advised the emergency room doctor to apply "steri-strips" to the wound. The emergency room doctor subsequently testified that the steri-stips were applied to the injured plaintiff's wound and she was discharged from the hospital with instructions to consult with her surgeon. However, the plaintiffs contend that the Hospital did not perform such a procedure, and as a result, the injured plaintiff sustained various injuries. The complaint asserted causes of action to recover damages for medical malpractice, lack of informed consent, common-law negligence (asserted only against the defendant Visiting Nurse Services in Westchester), and loss of consortium. The Supreme Court granted the motion of the Hospital and the defendant St. Joseph's Family Health Center (hereinafter together the Hospital defendants) for sum-

mary judgment dismissing the complaint insofar as asserted against them.

The essential elements of a cause of action to recover damages for medical malpractice are a deviation or departure from accepted medical practice and evidence that such departure was a proximate cause of injury (*see Poter v Adams*, 104 AD3d 925, 926 [2013]; *Hayden v Gordon*, 91 AD3d 819, 820 [2012]; *Guzzi v Gewirtz*, 82 AD3d 838 [2011]). On a motion for summary judgment dismissing a cause of action to recover damages for medical malpractice, a defendant physician must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Poter v Adams*, 104 AD3d at 926; *Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]; *Healy v Damus*, 88 AD3d 848, 849 [2011]; *Heller v Weinberg*, 77 AD3d 622, 622-623 [2010]). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), but only as to those elements on which the defendant met the prima facie burden (*see Poter v Adams*, 104 AD3d at 926; *Gentile v McFarlane-Johansson*, 108 AD3d 499 [2013]; *Sukhraj v New York City Health & Hosps. Corp.*, 106 AD3d 809 [2013]).

In support of their motion for summary judgment, the Hospital defendants submitted an affirmation from an expert who concluded, inter alia, that the treatment of the injured plaintiff's condition in the emergency room by the application of steri-strips was "within the relevant standard of care." Such evidence established, prima facie, that the alleged treatment rendered by the Hospital defendants in the emergency room did not depart from good and accepted medical practice. However, the Hospital defendants failed to make a prima facie showing that any alleged departure was not a proximate cause of the injured plaintiff's injuries (*see Orsi v Haralabatos*, 20 NY3d 1079, 1080 [2013]). Accordingly, in order to defeat the motion, the plaintiffs only had to raise a triable issue of fact regarding the issue of departure from good and accepted medical practice. The plaintiffs raised such an issue by their testimony and affidavits wherein they stated that the steri-strips procedure was never done in the emergency room on the subject date. Contrary to the Hospital defendants' contention, the plaintiffs did not need to submit an affirmation from an expert to dispute the purely factual issue of whether steri-strips were applied when the injured plaintiff presented at the Hospital emergency room for treatment.

Therefore, since the plaintiffs raised a triable issue of fact, those branches of the Hospital defendants' motion which were for summary judgment dismissing the first cause of action, which was to recover damages for medical malpractice, and the fourth cause of action, which was to recover damages for loss of consortium, should have been denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). However, the Hospital defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action based upon an alleged lack of informed consent, and the plaintiffs failed to raise a triable issue of fact in opposition thereto (*see Orphan v Pilnik*, 15 NY3d 907 [2010]; *Khosrova v Westermann*, 109 AD3d 965 [2013]). Accordingly, the Supreme Court properly granted that branch of the Hospital defendants' motion which was for summary judgment dismissing this cause of action insofar as asserted against the Hospital defendants. Balkin, J.P., Dickerson, Leventhal and Sgroi, JJ., concur.