In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Rosa, J.), dated May 14, 2014, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
*885 In September 2009, the plaintiff was injured in a motor vehicle accident. Beginning on October 2, 2009, she sought treatment for the injuries she sustained in the accident from the defendant, a neurologist. In February 2010, the defendant informed the plaintiff that she was “neurologically cleared to return to work” starting March 1, 2010. The plaintiff never returned to her job, and her employment was terminated. The plaintiff commenced this medical malpractice action alleging that the defendant’s determination that she could return to work resulted in her employment being terminated. The Supreme Court granted the defendant’s motion for summary judgment dismissing the complaint.
The essential elements of a cause of action to recover damages for medical malpractice are a deviation or departure from accepted medical practice and evidence that such departure was a proximate cause of injury (see Poter v Adams, 104 AD3d 925, 926 [2013]; Hayden v Gordon, 91 AD3d 819, 820 [2012]). On a motion for summary judgment dismissing a cause of action alleging medical malpractice, a defendant physician must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (see Poter v Adams, 104 AD3d at 926; Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [2012]). Once a defendant has made such a showing, the burden shifts to the plaintiff to “submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In support of her motion for summary judgment, the defendant submitted evidence, including her own affidavit and copies of the plaintiff’s medical records, which established, prima facie, that her determination that the plaintiff was neurologically cleared to return to work starting March 1, 2010, was not a departure from good and accepted medical practice. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.