■ MELISA ELIF GUCTAS et al., Appellants, v JOANNA C. PESSOLANO et al., Respondents, et al., Defendant. [17 NYS3d 749]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated October 1, 2012, which granted the motion of the defendant Christine Sticco for summary judgment dismissing the complaint insofar as asserted against her, and granted the separate motion of the defendants Joanna C. Pessolano and Jane M. Ponterio for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Joanna C. Pessolano and Jane M. Ponterio which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs payable to the defendant Christine Sticco by the plaintiffs and one bill of costs payable to the plaintiffs by the defendants Joanna C. Pessolano and Jane M. Ponterio.

The plaintiff Esra Guctas (hereinafter the mother) gave birth to the infant plaintiff on June 7, 2005, by means of a cesarean section at St. Vincent's Catholic Medical Center. The mother was a private patient of the attending obstetricians, the defendants Joanna C. Pessolano and Jane M. Ponterio. The defendant physician Christine Sticco, who was then a second-year resident in obstetrics and gynecology, actively participated in the surgery under the supervision of Pessolano and Ponterio. During the operation, the infant plaintiff sustained a one-inch-long laceration on her upper right cheek. The mother, on behalf

of the infant plaintiff, the mother suing derivatively, and the infant plaintiff's father, also suing derivatively, commenced this action to recover damages for medical malpractice and lack of informed consent. Sticco moved for summary judgment dismissing the complaint insofar as asserted against her, and Pessolano and Ponterio together moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted both motions.

"In an action sounding in medical malpractice, a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the plaintiff's injuries" (*Matos v Khan*, 119 AD3d 909, 910 [2014]; *see Poter v Adams*, 104 AD3d 925, 926 [2013]; *Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053, 1053-1054 [2011]; *Heller v Weinberg*, 77 AD3d 622, 622-623 [2010]). Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden (*see Poter v Adams*, 104 AD3d at 926; *Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]).

Here, in moving for summary judgment dismissing the medical malpractice cause of action insofar as asserted against them, Pessolano and Ponterio met their prima facie burden by submitting the affidavit of their expert, who opined that they did not deviate or depart from accepted medical practice by directing Sticco to actively participate in the cesarean section on the mother in the manner in which she did (*see LeMaire v Kuncham*, 102 AD3d 659, 660 [2013]; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d 709, 711 [2011]). In opposition, however, the plaintiffs raised a triable issue of fact. The affirmation of the plaintiffs' expert raised triable issues of fact as to whether the direction given by Pessolano and Ponterio to Sticco during her participation in the cesarean section departed from good and accepted medical practice and, if so, whether such a departure was a proximate cause of the infant plaintiff's injuries (*see Schmitt v Medford Kidney Ctr.*, 121 AD3d 1088 [2014]). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005]; *see Schmitt v Medford Kidney Ctr.*, 121 AD3d 1088 [2014]). Conflicting expert opinions raise credibility issues which are to be resolved by the factfinder (*see Loaiza v Lam*, 107 AD3d 951, 953 [2013]; *Roca v Perel*, 51 AD3d 757, 759 [2008]).

"To establish a cause of action [to recover damages] for malpractice based on lack of informed consent, [a] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (*Spano v Bertocci*, 299 AD2d 335, 337-338 [2002] [internal quotation marks omitted]; *see Walker v Saint Vincent Catholic Med. Ctrs.*, 114 AD3d 669, 670 [2014]; *Khosrova v Westermann*, 109 AD3d 965, 966 [2013]; *Magel v John T. Mather Mem. Hosp.*, 95 AD3d 1081, 1082 [2012]).

Here, with respect to that branch of their motion which was for summary judgment dismissing the cause of action seeking damages for medical malpractice premised on lack of informed consent insofar as asserted against them, Pessolano and Ponterio established their prima facie entitlement to judgment as a matter of law. The evidence demonstrated that there were decelerations in the infant plaintiff's fetal heart rate prior to the determination to perform the cesarean section, that it was necessary to deliver the infant plaintiff by cesarean section since the infant plaintiff was not tolerating labor, that it would have presented a danger to the infant plaintiff if the mother were permitted to continue in labor, and that the mother repeatedly asked that a cesarean section be performed due to the pain that she was experiencing, the last request being made approximately 15 minutes before the surgery was performed. Consequently, the evidence showed that a reasonably prudent person in the mother's position would not have declined to undergo the cesarean section (*see* Public Health Law § 2805-d [3]; *Zapata v Buitriago*, 107 AD3d 977, 980 [2013]; *Johnson v Staten Is. Med. Group*, 82 AD3d 708, 709 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zapata v Buitriago*, 107 AD3d at 980).

Moreover, the Supreme Court properly granted Sticco's motion for summary judgment dismissing the complaint insofar as asserted against her. "When supervised medical personnel are not exercising their independent medical judgment, they cannot be held liable for medical malpractice unless the directions from the supervising superior or doctor so greatly deviate[ ] from normal medical practice that they should be held li-

able for failing to intervene" (*Zhuzhingo v Milligan*, 121 AD3d 1103, 1106 [2014]; *see Bellafiore v Ricotta*, 83 AD3d 632, 633 [2011]; *Costello v Kirmani*, 54 AD3d 656, 657 [2008]; *Muniz v Katlowitz*, 49 AD3d 511, 513 [2008]).

Sticco met her prima facie burden of establishing her entitlement to judgment as a matter of law by submitting transcripts of the parties' deposition testimony, demonstrating that she actively participated in the cesarean section on the mother under the direct supervision of Pessolano and Ponterio, and that Pessolano and Ponterio did not so greatly deviate from normal practice that she should be liable for failing to intervene (*see Bellafiore v Ricotta*, 83 AD3d at 633). In opposition, the plaintiffs failed to raise a triable issue of fact. Although Sticco actively participated in the cesarean section, the evidence demonstrated that she did so at the direction of Ponterio and Pessolano, and did not exercise independent medical judgment (*see Muniz v Katlowitz*, 49 AD3d at 514; *Soto v Andaz*, 8 AD3d 470, 471 [2004]). Moreover, the plaintiffs failed to raise a triable issue of fact as to whether the direction provided by Ponterio and Pessolano during the surgery so greatly deviated from normal practice that Sticco should have intervened (*see Muniz v Katlowitz*, 49 AD3d at 514; *Soto v Andaz*, 8 AD3d at 472; *see also Yakubov v Jamil*, 121 AD3d 884 [2014]).

The plaintiffs' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination. Rivera, J.P., Austin, Roman and Barros, JJ., concur.