■ ALEXANDER UCHITEL et al., Respondents, v MARIAN FLEISCHER, Appellant. [27 NYS3d 668]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated February 4, 2014, as denied that branch of his motion which was for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 26, 2009, the plaintiffs' decedent, Tsilya Uchitel, then 76 years old, underwent a subtotal colectomy, which was performed by the defendant. During the surgery, the defendant discovered and reformed a leak from the anastomosis. While recovering in the surgical intensive care unit, the decedent developed a fever, abdominal pain, and abdominal distention. On August 30, 2009, the defendant performed an exploratory laparotomy, which revealed "murky fluid" in the decedent's abdominal cavity and a "minor leak" in the anastomosis. The defendant irrigated the decedent's abdominal cavity, dismantled the anastomosis, and performed a loop ileostomy. Following the surgery on August 30, 2009, the decedent suffered respiratory failure, remained in the surgical intensive care unit for approximately one month, and was eventually discharged to a rehabilitation facility. She died on December 6, 2009.

The decedent's husband commenced this action against the defendant to recover damages for, inter alia, medical malpractice and wrongful death. After the decedent's husband died, her son and daughter, as co-administrators of her estate, were substituted as plaintiffs. Following discovery, the defendant moved for summary judgment dismissing the complaint. In support of his motion, the defendant submitted an expert medical affirmation of a physician, who opined that the defendant appropriately performed the subtotal colectomy, leaks are a known complication of this procedure and are not an indication

of malpractice, and the plaintiffs' assertion that the procedures performed by the defendant caused the decedent's death was "baseless." The plaintiffs opposed the defendant's motion with a redacted expert medical affirmation of a physician, who opined, in relevant part, that a leak occurring in the stapled anastomosis within several days following surgery is an indication of stapler misuse or misplacement by the surgeon, and that the defendant's failure to properly repair the anastomotic leak caused the decedent's progressive debilitation and, ultimately, her death. The Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death.

"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see Leavy v Merriam*, 133 AD3d 636, 637 [2015]; *Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d 959, 959 [2015]; *Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053, 1054 [2011]). On a motion for summary judgment dismissing a cause of action to recover damages for medical malpractice, a defendant physician must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (*Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C.*, 132 AD3d at 960; *see Stukas v Streiter*, 83 AD3d at 23). Once this showing has been made, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only "as to those elements on which the defendant met the prima facie burden" (*Harris v Saint Joseph's Med. Ctr.*, 128 AD3d 1010, 1012 [2015]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d at 1054; *Stukas v Streiter*, 83 AD3d at 30).

Here, the expert affirmation submitted by the defendant established, prima facie, that his treatment of the decedent did not depart from good and accepted medical practice. However, the defendant failed to make a prima facie showing that any alleged departure from the standard of care was not a proximate cause of the decedent's death (*see Brinkley v Nassau Health Care Corp.*, 120 AD3d 1287 [2014]; *Stukas v Streiter*, 83 AD3d at 30). Thus, in order to defeat the defendant's motion, the plaintiffs only had to raise a triable issue of fact regarding

the issue of departure from good and accepted medical practice (*see Harris v Saint Joseph's Med. Ctr.*, 128 AD3d at 1012). The competing expert affirmation submitted by the plaintiffs in opposition was sufficient to do so (*see Wallenquest v Brookhaven Mem. Hosp. Med. Ctr.*, 28 AD3d 538, 539 [2006]). Contrary to the defendant's contention, the opinion of the plaintiffs' medical expert that the failure of the stapled anastomosis was caused by the defendant's misplacement or misuse of the stapler is not conclusory or without evidentiary value (*see id.*).

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death. Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.