■ KENNETH ELMES et al., Respondents, v JAY A. YELON, M.D., et al., Appellants, et al., Defendant. [34 NYS3d 470]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Jay A. Yelon and the Westchester County Health Care Corporation, individually and doing business as Westchester Medical Center, appeal from so much of an order of the Supreme Court, Westchester County (Hubert, J.), dated March 28, 2012, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendants David E. Asprinio, University Orthopaedics, P.C., William S. McDonald, Robert M. Koch, and New York Group for Plastic Surgery, LLP, separately appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

On June 19, 2009 the plaintiff Kenneth Elmes (hereinafter the plaintiff) was involved in a motorcycle accident in which his lower left leg was severely injured. He was taken to the defendant Westchester County Health Care Corporation, individually and doing business as Westchester Medical Center (hereinafter the Medical Center). The defendant Jay A. Yelon, a trauma surgeon, initially oversaw the plaintiff's care. The defendant David E. Asprinio, an orthopedic surgeon, operated on the plaintiff's leg. The defendants William S. McDonald and Robert M. Koch, both plastic surgeons, also operated on the plaintiff's leg. Attempts were made to save the plaintiff's leg, including consulting with an infectious disease specialist on July 6, 2009, but, on July 15, 2009, the plaintiff's leg was amputated. The plaintiff, and his wife suing derivatively, commenced this action alleging, inter alia, that these defendants allowed the plaintiff's leg to become infected and failed to timely consult with an infectious disease specialist. Yelon and the Medical Center moved for summary judgment dismissing the complaint insofar as asserted against them. Asprinio and his medical practice, University Orthopaedics, P.C., and McDonald, Koch and their medical practice, New York Group for Plastic Surgery, LLP, separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied both motions. Yelon and the Medical Center appeal, and Asprinio, McDonald, Koch and their respective medical practices separately appeal.

"In an action sounding in medical malpractice, a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries" (*Matos v Khan*, 119 AD3d 909, 910 [2014]; *see Guctas v Pessolano*, 132 AD3d 632, 633 [2015]; *Poter v Adams*, 104 AD3d 925, 926 [2013]; *Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053, 1053-1054 [2011]; *Heller v Weinberg*, 77 AD3d 622, 622-623 [2010]). Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden (*see Guctas v Pessolano*, 132 AD3d at 633; *Poter v Adams*, 104 AD3d at 926; *Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]).

Here, in separately moving for summary judgment dismiss-

ing the medical malpractice cause of action insofar as asserted against them, the appellants met their prima facie burden by submitting the affidavits of their experts, who opined that the plaintiff's leg was not infected and, thus, that they did not deviate or depart from accepted medical practice in not consulting with an infectious disease specialist until July 6, 2009 (*see Guctas v Pessolano*, 132 AD3d at 633; *LeMaire v Kuncham*, 102 AD3d 659, 660 [2013]; *Ahmed v New York City Health & Hosps. Corp.*, 84 AD3d 709, 711 [2011]). In opposition, however, the plaintiffs raised triable issues of fact. The affirmations of the plaintiffs' experts raised triable issues of fact as to whether the plaintiff's leg was infected, whether the appellants departed from good and accepted medical practice by failing to consult with an infectious disease specialist prior to July 6, 2009, and whether this failure was the proximate cause of the patient's injuries (*see Guctas v Pessolano*, 132 AD3d at 633; *Schmitt v Medford Kidney Ctr.*, 121 AD3d 1088 [2014]). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005]; *see Guctas v Pessolano*, 132 AD3d at 633; *Schmitt v Medford Kidney Ctr.*, 121 AD3d at 1088). Conflicting expert opinions raise credibility issues which are to be resolved by the factfinder (*see Guctas v Pessolano*, 132 AD3d at 633; *Loaiza v Lam*, 107 AD3d 951, 953 [2013]; *Roca v Perel*, 51 AD3d 757, 759 [2008]).

Accordingly, the Supreme Court properly denied the appellants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Balkin, J.P., Hall, Barros and Connolly, JJ., concur.