■ SAMUEL OMANE, an Infant, by His mother and Natural Guardian, BATHSHEBA OMANE, Respondent, v HERA SAMBAZI-OTIS, M.D., et al., Defendants, and ALAN MONHEIT, M.D., et al., Appellants. [55 NYS3d 345]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Alan Monheit, M.D., and Anthony Royek, M.D., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), entered August 12, 2014, as denied that branch of their motion, made jointly with the defendant Adam Singer, M.D., which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was born at Stony Brook University Hospital (hereinafter the Hospital) on February 6, 2000, and was later diagnosed with cerebral palsy and related neurologic conditions. In the months leading up to the plaintiff's birth, his mother received prenatal care from the defendant physician Hera Sambaziotis, M.D., then a first-year resident. Sambaziotis was supervised by the defendant physician Alan Monheit, M.D., an attending obstetrician, at a clinic associated with the Hospital. Early in her pregnancy, the mother went to the Hospital's emergency room and was found to have elevated blood pressure and a small amount of protein in her urine. The mother visited the clinic the same day, and her blood pressure and urine were found to be normal. Her blood pressure and urine were also found to be normal during her subsequent prenatal visits.

On February 4, 2000, the mother was admitted to the Hospital with high blood pressure and was diagnosed by the defendant physician Anthony Royek, M.D., with severe preeclampsia, a pregnancy complication characterized by elevated blood pressure and a certain quantity of protein in the urine. Over the course of the next two days before the plaintiff's birth, the mother's care was overseen by attending physicians Royek, Monheit, and the defendant Hitesh Narain, M.D. During that time, external fetal heart monitoring of the plaintiff in utero recorded several fetal heart rate decelerations. The mother was given Hydralazine to lower her blood pressure, but it remained elevated. When the mother's condition failed to improve, the decision was made to proceed with delivery.

As relevant to this appeal, the plaintiff, by his mother, commenced this action, inter alia, to recover damages for medical malpractice against Monheit and Royek. The plaintiff alleges, among other things, that Monheit departed from good and accepted medical practice by failing to suspect that the mother had preeclampsia during a prenatal visit on January 27, 2000, and failing to admit the mother to the Hospital at that time, and by failing to administer an alternative antihypertensive medication, Labetalol, at an earlier time during the mother's Hospital admission after it was apparent that she was not responding to Hydralazine. The plaintiff alleges that Royek departed from good and accepted medical practice by failing to review fetal heart rate tracings and start fetal resuscitative measures after several variable decelerations occurred. Monheit and Royek thereafter moved, inter alia, for summary

judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them. The Supreme Court denied that branch of the motion, and Monheit and Royek appeal. We affirm the order insofar as appealed from.

"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see Leigh v Kyle*, 143 AD3d 779, 781 [2016]; *Leavy v Merriam*, 133 AD3d 636, 637 [2015]; *Harris v Saint Joseph's Med. Ctr.*, 128 AD3d 1010, 1012 [2015]; *Rivers v Birnbaum*, 102 AD3d 26, 43 [2012]). In moving for summary judgment dismissing a medical malpractice cause of action, a defendant physician must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries (*see Leigh v Kyle*, 143 AD3d at 781; *Elmes v Yelon*, 140 AD3d 1009, 1010 [2016]; *Guctas v Pessolano*, 132 AD3d 632, 633 [2015]; *Harris v Saint Joseph's Med. Ctr.*, 128 AD3d at 1012; *Rivers v Birnbaum*, 102 AD3d at 43). Once the defendant physician has made such a showing, the plaintiff, in opposition, must " 'demonstrate the existence of a triable issue of fact, . . . but only as to the elements on which the defendant met the prima facie burden' " (*Leigh v Kyle*, 143 AD3d at 781, quoting *Gillespie v New York Hosp. Queens*, 96 AD3d 901, 902 [2012]; *see Harris v Saint Joseph's Med. Ctr.*, 128 AD3d at 1012; *Rivers v Birnbaum*, 102 AD3d at 43; *Stukas v Streiter*, 83 AD3d at 24-25). "[W]here a defendant physician, in support of a motion for summary judgment, demonstrates only that he or she did not depart from the relevant standard of care, there is no requirement that the plaintiff address the element of proximate cause in addition to the element of departure" (*Stukas v Streiter*, 83 AD3d at 24-25; *see Guctas v Pessolano*, 132 AD3d at 633; *Harris v Saint Joseph's Med. Ctr.*, 128 AD3d at 1012).

Here, in support of their motion for summary judgment, Monheit and Royek submitted an affirmation from an expert who addressed the specific allegations of malpractice set forth in the plaintiff's bill of particulars and concluded, inter alia, that the care provided by Monheit and Royek conformed to accepted standards of practice in the fields of obstetrics and maternal fetal medicine. The affirmation of their expert was sufficient to establish, prima facie, that Monheit and Royek did not depart from good and accepted practice in their care of the mother (*see Elmes v Yelon*, 140 AD3d at 1010-1011; *Leavy v*

*Merriam*, 133 AD3d at 637; *Guctas v Pessolano*, 132 AD3d at 633; *Harris v Saint Joseph's Med. Ctr.*, 128 AD3d at 1012; *Seiden v Sonstein*, 127 AD3d 1158, 1161 [2015]; *Stukas v Streiter*, 83 AD3d at 30-31). The expert further opined that the care rendered to the mother by Monheit and Royek was not the proximate cause of the plaintiff's injuries. However, the affirmation failed to set forth any basis for such opinion and was, therefore, conclusory as to this issue and insufficient to meet Monheit and Royek's initial burden on the motion as to the element of proximate cause (*see Nisanov v Khulpateea*, 137 AD3d 1091, 1094 [2016]; *Rivers v Birnbaum*, 102 AD3d at 44). Accordingly, in order to defeat the motion, the plaintiff was required to raise a triable issue of fact only as to the element of departure from accepted standards of care (*see Harris v Saint Joseph's Med. Ctr.*, 128 AD3d at 1012; *Stukas v Streiter*, 83 AD3d at 24-25).

Here, the plaintiff did so. The plaintiff's expert, in his affidavit in opposition to the motion, raised triable issues of fact as to the propriety of the administration of antihypertensive medication by Monheit and the monitoring and management of the fetal heart rate by Royek from February 4, 2000, when the mother was admitted to the Hospital, until the plaintiff's birth on February 6, 2000. The plaintiff's expert disagreed with the conclusions propounded by the expert for Monheit and Royek as to those issues and opined that Monheit and Royek departed from good and accepted practice as to those aspects of the mother's care. The conflicting opinions of the parties' experts as to those issues presented questions of credibility for the factfinder to resolve (*see Elmes v Yelon*, 140 AD3d at 1011; *Nisanov v Khulpateea*, 137 AD3d at 1094; *Guctas v Pessolano*, 132 AD3d at 633; *Schmitt v Medford Kidney Ctr.*, 121 AD3d 1088, 1089 [2014]).

Accordingly, the Supreme Court properly denied that branch of the motion of Monheit and Royek which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them (*see Elmes v Yelon*, 140 AD3d at 1011; *Nisanov v Khulpateea*, 137 AD3d at 1094-1095; *Guctas v Pessolano*, 132 AD3d at 633). Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.