■ FRED VIDITO, Respondent, v ALEXIS HUGELMEYER, M.D., et al., Defendants, and SOUTHAMPTON HOSPITAL, Appellant. [55 NYS3d 413]—

In an action to recover damages for medical malpractice, the defendant Southampton Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated August 28, 2014, as denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the acts or omissions of nonparty Amil Patel.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a resident of Canada who was visiting a relative on Long Island, was admitted to the defendant Southampton Hospital on the night of May 18, 2009, complaining of chest pain. He underwent various tests, including a blood test to detect the presence of cardiac enzymes. All tests were normal, with the exception of a blood test that revealed that one substance, troponin, was present in an amount above the normal range. The defendant Miguel Blanco, a private attending cardiologist, considered this, among other factors, and cleared the plaintiff to be discharged from the hospital, with instructions to arrange for a stress test from his regular physician upon his return to Canada. A physician employed by Southampton Hospital, nonparty Amil Patel, discharged the plaintiff on May 19, 2009. On June 6, 2009, the plaintiff again suffered chest pains, was taken to Stony Brook University Hospital, and underwent cardiac catheterization.

The plaintiff subsequently commenced this action against, among others, Blanco and Southampton Hospital to recover damages for medical malpractice. Southampton Hospital moved, inter alia, for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the acts or omissions of Patel, and the Supreme Court denied that branch of the motion. Southampton Hospital appeals.

A defendant moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure from accepted stan-

dards of medical care or that any departure was not a proximate cause of the plaintiff's injuries (*see Mackauer v Parikh*, 148 AD3d 873, 875-876 [2017]; *Uchitel v Fleischer*, 137 AD3d 1111, 1112 [2016]). Once this showing has been made, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant's prima facie showing, "but only as to those elements on which the defendant met the prima facie burden" (*Harris v Saint Joseph's Med. Ctr.*, 128 AD3d 1010, 1012 [2015]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Mackauer v Parikh*, 148 AD3d at 876; *Stukas v Streiter*, 83 AD3d 18, 30 [2011]).

Here, in support of its motion, Southampton Hospital submitted the affidavit of an expert physician, which demonstrated, prima facie, that the hospital staff, including Patel, did not deviate from the accepted standard of medical care, and none of the alleged departures was a proximate cause of the plaintiff's injuries. When the plaintiff arrived at Southampton Hospital, all necessary tests were ordered. He was sent for telemetry observation, and blood tests and echocardiogram testing were performed. All his test results were evaluated. The sole abnormal result was the cardiac enzyme troponin, which was in a "gray" area, in that it was slightly elevated above the normal level. Southampton Hospital's expert opined that this result "was not diagnostic of any type of cardiac condition," and that Patel did not deviate from the accepted standard of care in discharging the plaintiff with instructions to follow up with a stress test and further monitoring. Southampton Hospital thereby met its burden in moving for summary judgment (*see Johnson v Queens-Long Is. Med. Group, P.C.*, 23 AD3d 525, 526 [2005]).

In opposition, the plaintiff submitted an affirmation of its expert, who opined that the elevated troponin level, among other factors, indicated that cardiac catheterization should have been performed, and that the plaintiff should not have been discharged from Southampton Hospital. The plaintiff's expert opined that Patel's failure to appreciate the significance of this marker was a deviation from the accepted standard of care, and that this deviation was a proximate cause of the plaintiff's injuries. The plaintiff thereby raised a triable issue of fact in opposition to Southampton Hospital's motion (*see Guzzi v Gewirtz*, 82 AD3d 838 [2011]).

Accordingly, the Supreme Court properly denied that branch of Southampton Hospital's motion which was for summary judgment dismissing so much of the complaint as alleged that is was vicariously liable for the acts or omissions of Patel. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.