Smith v Mollica (2018 NY Slip Op 00858)





Smith v Mollica


2018 NY Slip Op 00858


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2015-09456
 (Index No. 26203/11)

[*1]Raymond Smith, respondent, 
v
Peter W. Mollica, etc., et al., defendants, George J. Todd, etc., et al., appellants.


Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for appellants George J. Todd and Roosevelt Hospital.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell, David A. Beatty, and David Bloom of counsel), for appellant Rafael Abreau.
Stein Schwartz Chesir & Rosh LLP (Alexander J. Wulwick, New York, NY [Ronald B. Groman], of counsel), for respondent.



DECISION & ORDER
Appeals from an order of the Supreme Court, Kings County (Bert A. Bunyan, J.), dated August 17, 2015. The order, insofar as appealed from, denied, in part, the motion of the defendants George J. Todd and Roosevelt Hospital for summary judgment dismissing the complaint insofar as asserted against them, and denied the separate motion of the defendant Rafael Abreau for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from by the defendants George J. Todd and Roosevelt Hospital; and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendant Rafael Abreau, on the law, and the motion of that defendant for summary judgment dismissing the complaint insofar as asserted against him is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants George J. Todd and Roosevelt Hospital, and one bill of costs is awarded to the defendant Rafael Abreau, payable by the plaintiff.
The plaintiff, who was diagnosed with an ulcer on his left great toe, began treatment with the defendant Rafael Abreau, a podiatrist, in March 2008. For more than one year, Abreau debrided (removed dead tissue from) the ulcerous area on an almost weekly basis, instructed the plaintiff on how to care for the wound, and, at times, prescribed antibiotics. In April 2009, Abreau referred the plaintiff to the defendant George J. Todd, a vascular surgeon, for treatment, and also continued to treat him until July 2009, when the plaintiff's condition worsened and Abreau instructed the plaintiff to go to the hospital immediately for intravenous antibiotics.
The plaintiff was admitted to the defendant Roosevelt Hospita1 (hereinafter the hospital) on July 28, 2009. The plaintiff was diagnosed with osteomyelitis, an infection of the bone, [*2]and gangrene, in the left great toe, and on July 30, 2009, Todd surgically removed the infected bone. The plaintiff also received a course of intravenous antibiotics. From August 2009 until November 2009, Todd continued to debride and otherwise treat the plaintiff's ulcer. In December 2009, the plaintiff was diagnosed with gangrene and required a below-the-knee amputation of his left leg.
The plaintiff thereafter commenced this medical malpractice action against, among others, Abreau, Todd, and the hospital, alleging that they negligently failed to recommend amputation of the left great toe before the infection progressed to the point where he required a below-the-knee amputation. Todd and the hospital (hereinafter together the hospital defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. Abreau separately moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the hospital defendants' motion only to the extent of awarding summary judgment dismissing so much of the complaint as is predicated upon claims arising from Todd's treatment of the plaintiff prior to July 28, 2009, and otherwise denied the motions. The hospital defendants and Abreau separately appeal.
On a motion for summary judgment dismissing a medical malpractice cause of action, a defendant must make a prima facie showing either that he or she did not depart from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries (see Omane v Sambaziotis, 150 AD3d 1126, 1128; Chance v Felder, 33 AD3d 645). In opposition, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact (see Stukas v Streiter, 83 AD3d 18, 23-24).
Here, Abreau demonstrated, prima facie, that he did not depart from the applicable standard of care. Abreau submitted an affidavit from an expert who opined that Abreau's treatment of debriding the plaintiff's ulcer, prescribing antibiotics, and educating the plaintiff on proper wound care conformed with good and accepted medical practice (see Vogel v Deutsch, 16 AD3d 489, 489-490). In opposition, the plaintiff failed to raise a triable issue of fact. The conclusory affidavit of the plaintiff's expert failed to explain why amputation of the left great toe would have been warranted before July 27, 2009, particularly in light of the medical evidence that the ulcerous condition of the plaintiff's toe, while chronic, showed signs of healing. Accordingly, the Supreme Court should have granted Abreau's motion for summary judgment dismissing the complaint insofar as asserted against him.
The hospital defendants established, prima facie, that they did not depart from good and accepted medical practice in their treatment of the plaintiff. The hospital defendants' experts opined, among other things, that amputation of the left great toe was not warranted during their course of treating the plaintiff because the plaintiff did not show signs of wet gangrene during his July 2009 hospital admission and did not show such signs, or even signs of infection, after his release from the hospital through his last visit with Todd (see Guzzi v Gewirtz, 82 AD3d 838, 839).
In opposition, however, the plaintiff raised a triable issue of fact. The plaintiff's expert opined that wet gangrene was, in fact, present during the July 2009 hospital admission. In light of this, as well as the plaintiff's history of diabetes, longstanding ulcerated condition of the left great toe, and chronic osteomyelitis, the expert opined that it was a deviation from accepted medical practice for Todd not to have recommended removal of the infectious process through full amputation of the left great toe. Accordingly, the Supreme Court properly denied, in part, the hospital defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court