H.S. v New York City Health & Hosps. Corp. (2021 NY Slip Op 08272)





H.S. v New York City Health & Hosps. Corp.


2021 NY Slip Op 08272


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-11129
 (Index No. 502336/12)

[*1]H.S., etc., et al., appellants, 
v
New York City Health and Hospitals Corporation, et al., respondents.


Ronemus & Vilensky (Lisa M. Comeau, Garden City, NY, of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Ellen Ravitch of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated August 7, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants New York City Health and Hospitals Corporation, Elenita Tagle, and Sherman Dunn which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs, a mother and son (hereinafter the infant plaintiff), commenced this medical malpractice action against, among others, New York City Health and Hospital Corporation, Elenita Tagle and Sherman Dunn (hereinafter collectively the NYCHHC defendants), alleging that they deviated from good and accepted medical care during the mother's labor and delivery of the infant plaintiff at Coney Island Hospital, resulting in permanent injuries to the infant plaintiff. In an order dated August 7, 2018, the Supreme Court, inter alia, granted that branch of the NYCHHC defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs appeal.
"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, a defendant physician must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Monzon v Brown, 130 AD3d 884, 885). In response, the plaintiff need only raise a triable issue of fact regarding "the element or elements on which the defendant has made its prima facie showing" (Mitchell v Grace Plaza of Great Neck, Inc., 115 AD3d 819).
Here, the NYCHHC defendants made a prima facie showing in support of their motion, with detailed expert affirmations, both that the care and treatment afforded to the mother and the infant plaintiff during labor and delivery was proper and did not deviate from the accepted standard of care, and that the infant plaintiff was not injured by any alleged departures. In [*2]opposition, the plaintiffs' experts raised a triable issue of fact as to whether the NYCHHC defendants deviated from good and accepted medical practice by failing to perform a caesarean section sooner (see Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 4).
However, the plaintiffs failed to raise a triable issue of fact as to whether the infant plaintiff was injured by the alleged departures. The opinion of the plaintiffs' expert concerning the infant plaintiff's alleged injuries was speculative, conclusory, and provided an insufficient explanation of the reasoning for the claim that the infant plaintiff suffered the alleged injuries (see Lowe v Japal, 170 AD3d 701, 703). Accordingly, that branch of the NYCHHC defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them was properly granted.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court