Louz v Fatiha (2025 NY Slip Op 05944)

Louz v Fatiha

2025 NY Slip Op 05944

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-09045
 (Index No. 504927/21)

[*1]Eli Louz, appellant, 
v
Jack Fatiha, etc., et al., respondents.

Lazar Grunsfeld Elnadav, LLP, Brooklyn, NY (Gerry Grunsfeld of counsel), for appellant.
Vaslas Lepowsky & Hauss LLP (Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY [Nicholas Tam and Christopher Simone], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated July 10, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was based on allegations of medical malpractice occurring after January 16, 2018.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 1, 2021, the plaintiff commenced this action against his primary medical care provider, Jack Fatiha, and Fatiha's professional corporation, Jack Fatiha, M.D., P.C., to recover damages for medical malpractice. According to the plaintiff, he visited the defendants' office on April 27, 2017, complaining of lower back pain. The defendants subsequently tested a sample of the plaintiff's urine, which allegedly revealed a medically abnormal result purportedly indicative of kidney disease. However, the plaintiff alleged that the defendants never informed him of this result. The plaintiff thereafter returned to the defendants multiple times for unrelated health conditions between April 2018 and September 2020, but the defendants did not inform the plaintiff of the test result or otherwise follow up on the condition of the plaintiff's kidneys. The plaintiff's kidney disease allegedly worsened and remained undetected until January 2021.
The defendants moved pursuant to CPLR 3211(a)(5) to dismiss so much of the complaint as was based on allegations of medical malpractice occurring prior to January 16, 2018, as time-barred (see CPLR 214-a) and for summary judgment dismissing the remainder of the complaint. The plaintiff did not contest that his allegations of medical malpractice occurring prior to January 16, 2018, were time-barred, but rather contended that the defendants' failure to follow up on the 2017 urine test result during his subsequent unrelated medical visits constituted independent acts of malpractice not barred by the statute of limitations. In an order dated July 10, 2023, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was based on allegations of medical malpractice occurring after January 16, 2018. The plaintiff appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Rosario v Our Lady of Consolation Nursing & Rehabilitation Care Ctr., 186 AD3d 1426, 1427 [internal quotation marks omitted]; see Vidito v Hugelmeyer, 150 AD3d 1309, 1310). "On a motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Martin v Siegenfeld, 70 AD3d 786, 787-788 [internal quotation marks omitted]; see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898).
If the defendant doctor establishes both the absence of a departure and that any departure did not proximately cause the plaintiff injury,"[i]n opposition, the plaintiff must submit a physician's affidavit attesting to the defendant's departure from accepted practice, which departure was a competent producing cause of the injury" (Martin v Siegenfeld, 70 AD3d at 788 [internal quotation marks omitted]; see Vidito v Hugelmeyer, 150 AD3d at 1310). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Templeton v Papathomas, 208 AD3d 1268, 1270 [internal quotation marks omitted]; see J.P. v Patel, 195 AD3d 852, 854).
Here, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was based on allegations of medical malpractice occurring after January 16, 2018. In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the defendants departed from good and accepted medical practice during the medical visits occurring after January 16, 2018, which were not time-barred (see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 295-297; Baptiste v Harding-Marin, 88 AD3d 752, 753). The departure that the plaintiff complains of—the failure to be informed of the urine test result—occurred on or around April 27, 2017, outside of the applicable limitations period (see Young v New York City Health & Hosps. Corp., 91 NY2d at 295-297). Because it was not alleged that the plaintiff complained of symptoms indicative of kidney disease during his subsequent medical visits, the plaintiff's expert failed to adequately explain how the defendants departed from good and accepted medical practice on the dates of the subsequent medical visits independent of the initial time-barred departure in April 2017 (see id.). Thus, the court correctly concluded that the plaintiff's expert affidavit was speculative and conclusory and that it failed to respond to relevant issues raised by the defendants' expert (see J.P. v Patel, 195 AD3d at 854; Ahmed v Pannone, 116 AD3d 802, 806).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was based on allegations of medical malpractice occurring after January 16, 2018.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court