[680 NYS2d 612]

In the Matter of NEAL FORMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 23, 1998

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*LaRossa, Mitchell & Ross,* New York City (*Michael S. Ross* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petition, as amended, contains 10 charges of professional

misconduct against the respondent. In his answer, as amended, the respondent admitted the factual allegations contained in the first nine charges, but denied that he was guilty of any intentional misconduct or impropriety. The respondent also denied that he was guilty of the tenth charge. After a hearing, the Special Referee sustained all 10 charges of professional misconduct against the respondent. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to confirm the Special Referee's report insofar as it sustains Charges One through Eight and to disaffirm the report insofar as it sustains Charges Nine and Ten.

Charge One alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). The respondent was retained to prosecute a personal injury claim on behalf of Anthony Crumbley. The respondent settled Mr. Crumbley's claim for $125,000. On or about December 1, 1992, the respondent deposited the settlement proceeds into his attorney escrow account. Between December 1, 1992 and May 27, 1993, the respondent was required to maintain a balance of at least $79,411.78 in his escrow account on Mr. Crumbley's behalf. On May 13, 1993, the balance in the respondent's escrow account was depleted to $5,940.33.

Charge Two alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). The respondent was retained to prosecute a personal injury claim on behalf of Clementine Rowell. The respondent settled Ms. Rowell's claim for $100,000. On or about June 17, 1993, the respondent deposited the settlement proceeds into his attorney escrow account. Between June 17, 1993 and August 17, 1993, the respondent was required to maintain a balance of at least $58,652.82 in his escrow account on Ms. Rowell's behalf. On August 4, 1993, the balance in the respondent's escrow account was depleted to $7,433.83.

Charge Three alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). The respondent was retained to prosecute a personal injury claim on behalf of Darrell Baptiste. The respondent settled Mr. Baptiste's claim for $223,700. On or about August 5, 1993, the respondent deposited the settlement proceeds into his attorney escrow account. Between August 5, 1993 and May 18, 1995, the respondent was required to maintain a balance of

at least $135,345.34 in his escrow account on Mr. Baptiste's behalf. On April 14, 1994, the respondent's escrow account was overdrawn by $7,524.71.

Charge Four alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). The respondent was retained to prosecute a personal injury claim on behalf of Luz Rodriguez. The respondent settled Ms. Rodriguez' claim for $225,000. On or about June 10, 1994, the respondent deposited the settlement proceeds into his attorney escrow account. Between June 10, 1994 and September 1, 1994, the respondent was required to maintain a balance of at least $163,282.50 in his escrow account on Ms. Rodriguez' behalf. On August 29, 1994, the balance in the respondent's escrow account was depleted to $1,653.60.

Charge Five alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). The respondent was retained to prosecute a personal injury claim on behalf of Leif Lewis. The respondent settled Mr. Lewis' claim for $160,000. On or about September 13, 1994, the respondent deposited $150,000 of the settlement proceeds into his attorney escrow account. Between September 13, 1994 and October 12, 1994, the respondent was required to maintain a balance of at least $96,667 in his escrow account on Mr. Lewis' behalf. On September 19, 1994, the balance in the respondent's escrow account was depleted to $8,321.10.

Charge Six alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). The respondent was retained to prosecute a personal injury claim on behalf of Gilbert and Elaine Zlatkin. The respondent settled the Zlatkins' claim for $127,000. On or about October 13, 1994, the respondent deposited the settlement proceeds into his attorney escrow account. Between October 13, 1994 and November 21, 1994, the respondent was required to maintain a balance of at least $84,666.64 in his escrow account on the Zlatkins' behalf. On October 26, 1994, the balance in the respondent's escrow account was depleted to $57,821.10.

Charge Seven alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). The respondent was retained to prosecute a personal injury claim on behalf of Susan Brooks. The respondent settled

Ms. Brooks' claim for $300,000. On or about September 8, 1994, the respondent deposited $50,000 of the settlement proceeds into his attorney escrow account. Between September 8, 1994 and October 21, 1994, the respondent was required to maintain a balance of at least $33,333.33 in his escrow account on Ms. Brooks' behalf. On September 19, 1994, the balance in the respondent's escrow account was depleted to $8,321.10.

On November 21, 1994, the respondent deposited $250,000 of Ms. Brooks' settlement proceeds into his attorney escrow account. Between November 21, 1994 and January 9, 1995, the respondent was required to maintain a balance of at least $166,667 in his escrow account on Ms. Brooks' behalf. On December 22, 1994, the balance in the respondent's escrow account was depleted to $130,081.28.

Charge Eight alleges that the respondent failed to safeguard funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). The respondent was retained to prosecute a personal injury claim on behalf of Theodore Vlahakis. The respondent settled Mr. Vlahakis' claim for $205,000. On or about September 27, 1994, the respondent deposited the settlement proceeds into his attorney escrow account. Between September 27, 1994 and March 9, 1995, the respondent was required to maintain a balance of at least $130,020.69 in his escrow account on Mr. Vlahakis' behalf. On October 26, 1994, the balance in the respondent's escrow account was depleted to $57,821.10.

Charge Nine alleges that the respondent improperly commingled his personal funds with funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]). The respondent maintained an escrow account at Fleet Bank into which he deposited funds entrusted to him as a fiduciary, incident to his practice of law. In or about March 1995, the respondent improperly deposited approximately $50,000 of his personal funds into the aforementioned escrow account while funds entrusted to him as a fiduciary were on deposit in that account.

Based on the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained Charges One through Nine. Charge Ten, however, should not have been sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that there was no wilful misappropriation of escrow funds; that the

mishandling of escrow funds did not inure to his benefit; that he was victimized by his own employee; that his error was lack of supervision; that there is extraordinary evidence of his good moral character; that he reported to the Grievance Committee the information which precipitated this disciplinary proceeding; and that he has taken steps to insure that there are no further escrow irregularities. The respondent argues that under the circumstances, a public censure is the appropriate sanction to impose.

The respondent has no prior disciplinary history.

In view of the extraordinary circumstances presented in this case, the respondent's previously unblemished record and cooperation with the Grievance Committee's investigation, the lack of harm to the respondent's clients, the changes in the respondent's office staff and escrow procedures, and the overwhelming character evidence submitted by the respondent, the respondent is suspended from the practice of law for a period of two years.

BRACKEN, J. P., ROSENBLATT, MILLER, O'BRIEN and COPERTINO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted insofar as Charges One through Nine are sustained, and the motion is otherwise denied; and it is further,

Ordered that the branch of the respondent's cross motion which is to confirm Charges One through Eight is granted, and the branch of the cross motion which is to disaffirm Charges Nine and Ten is denied as to Charge Nine and granted as to Charge Ten, and Charge Ten is not sustained; and it is further,

Ordered that the respondent, Neal Forman, is suspended from the practice of law for a period of two years, commencing December 23, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Neal Forman, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.