[940 NYS2d 88]

In the Matter of PETER J. GALASSO (Admitted as PETER JOHN GALASSO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 21, 2012

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Eddie Still, Antonia Cipollone* and *Matthew Lee-Renert* of counsel), for petitioner.

*Moran Karamouzis*, Rockville Centre (*Grace Moran* of counsel), and *Galasso, Langione, Catterson & LoFrumento, LLP*, Garden City (*Jeffrey Catterson* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated January 21, 2010, containing 10 charges of professional misconduct.

Charge one alleges that the respondent breached his fiduciary duty by failing to promptly pay or deliver funds received pursuant to a written escrow agreement to the person(s) entitled to receive such funds, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]).

The respondent was a partner of a law firm known as Galasso & Langione, LLP, and/or the successor firms known as Galasso Langione & Botter, LLP, and Galasso, Langione, Catterson &

LoFrumento, LLP (hereinafter the Galasso Langione firm or the firm). The respondent and the Galasso Langione firm represented Stephen Baron in connection with an action for a divorce and ancillary relief commenced by Wendy Baron in the Supreme Court, Nassau County. Wendy Baron was represented by her own attorney.

Pursuant to a written escrow agreement dated June 8, 2004, the respondent acknowledged the receipt of funds totaling $4,840,862.32 representing the proceeds of the sale of a commercial property owned by Stephen Baron (hereinafter the Baron funds). The respondent executed the foregoing agreement as both the attorney for Stephen Baron and the escrow agent, and agreed to hold the funds on deposit in an interest-bearing escrow account under the Social Security number of Stephen Baron "subject to further order of the Supreme Court" in connection with the underlying divorce action.

On or about June 11, 2004, the respondent, through his agents and employees, arranged for the funds to be deposited into an interest-bearing account at Signature Bank entitled "Stephen Baron Galasso Langione LLP Escrow Agents" (hereinafter the Baron escrow account). The respondent had a fiduciary duty to safeguard the Baron funds and to promptly pay or deliver the funds, with accrued interest, to Stephen and/or Wendy Baron, following a decision of the Supreme Court, Nassau County, issued in or about November 2006, in connection with the underlying divorce action.

Stephen and Wendy Baron, through their respective attorneys and agents, demanded payment from the respondent of the Baron funds pursuant to the foregoing decision of the Supreme Court, Nassau County. To date, the respondent has failed to deliver or pay more than $4.3 million of the Baron funds to the respective parties to whom such funds are due and owing.

Charge two alleges that the respondent breached his fiduciary duty by failing to safeguard the Baron funds in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

Between June 11, 2004 and mid-January 2007, there were a series of Internet transfers of Baron funds, totaling more than $4.3 million, from the Baron escrow account into various accounts maintained by the respondent and the Galasso Langione firm at Signature Bank incident to the respondent's practice of law and/or the Galasso Langione firm's practice of law.

Following the aforementioned transfers, the Baron funds were disbursed to the respondent, other members and employees of the Galasso Langione firm, various third parties, and various business entities. Stephen and Wendy Baron, the parties ultimately entitled to receive the Baron funds, did not consent to, or benefit from, these disbursements of their funds.

Charge three alleges that the respondent has been unjustly enriched by the use of misappropriated Baron funds for his personal benefit, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

The respondent knew or should have known that Baron funds transferred from the Baron escrow account into the Galasso Langione firm's Signature Bank escrow account in or about September 2004 were subsequently used to finance a $100,000 down payment in connection with the respondent's purchase of a commercial office condominium unit at 377 Oak Street in Garden City. Moreover, the respondent knew or should have known that Baron funds transferred from the Baron escrow account into the Galasso Langione firm's Signature Bank account on or about September 21, 2005, were subsequently used to pay the $241,483.77 balance due and owing from the respondent to the seller in connection with the purchase of the Oak Street condominium unit, and to pay $22,622.60 in related closing costs.

Charge four alleges that the respondent breached his fiduciary duty by failing to provide appropriate accounts to Stephen and Wendy Baron with respect to the Baron funds entrusted to him in violation of Code of Professional Responsibility DR 9-102 (c) (3) and DR1-102 (a) (7) (22 NYCRR 1200.46 [c] [3]; 1200.3 [a] [7]).

Stephen and Wendy Baron, through their respective attorneys and agents, demanded an accounting from the respondent with respect to the disbursement of their misappropriated funds. The respondent has tendered partial accountings but has failed to fully account to Stephen and Wendy Baron for the disbursements of misappropriated funds following transfers of the Baron funds from the Baron escrow account to various Galasso Langione firm accounts at Signature Bank.

Charge five alleges that the respondent failed to timely comply with lawful demands for information made by the Grievance Committee in connection with an investigation of his alleged professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a]

[5], [7]) and Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) and (h).

From on or about May 12, 2008 through July 22, 2009, the petitioner made various requests for information relevant to its investigation of complaints of alleged professional misconduct by the respondent, via correspondence and subpoena.

The respondent failed to timely and fully respond and/or comply with one or more of the following requests:

(a) a written update on the status of the forensic investigation that reportedly was being undertaken by accountants hired by the Galasso Langione firm in 2007 to audit all Galasso Langione firm bank accounts for the preceding three years and to determine, inter alia, what happened to the funds misappropriated from the Baron escrow account, along with copies of any written analysis prepared by such accountants and copies of the documents used to support their findings;

(b) an accounting to trace the disbursement of Baron funds subsequent to the unauthorized transfers from the Baron escrow account to the Galasso Langione firm Signature Bank accounts for the period June 2004 through mid-June 2007;

(c) bookkeeping records for the Galasso Langione firm's Signature Bank IOLA account and the Galasso Langione firm's M&T Bank IOLA account for the period January 1, 2004 through January 31, 2007, including records identifying the date, source, and description of each item deposited as well as the date, payee, and purpose of each withdrawal or disbursement, along with information identifying whose funds were being held on deposit in the Signature Bank IOLA account as of January 1, 2004, and the amount being held on behalf of each such person or entity; and

(d) copies of documents relating to the purchase of the office condominium located at 377 Oak Street, Unit 101, in Garden City, including the contract of sale, all documents relating to the financing obtained in connection with the purchase, the loan application, and related documents submitted to the lender in connection with the financing and credit reports.

The respondent's failure to timely and fully comply with the Grievance Committee's lawful demands for the above-referenced information impeded and delayed the Grievance Committee's investigation.

Charge six alleges that the respondent failed to supervise a nonlawyer employee of the Galasso Langione firm, resulting in

the misappropriation of the Baron funds, in violation of Code of Professional Responsibility DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]).

The respondent directed the Galasso Langione firm's former bookkeeper/office manager (hereinafter the bookkeeper) to open the Baron escrow account and to maintain and reconcile all bank account statements received from Signature Bank with respect to the Baron escrow account as well as all other Galasso Langione firm Signature Bank accounts used in connection with the respondent's practice of law and/or the Galasso Langione firm's practice of law.

The respondent failed to properly supervise the Galasso Langione firm's former bookkeeper and failed to properly review, audit, and reconcile the Galasso Langione firm's Signature Bank accounts used in connection with his practice of law and/or the Galasso Langione firm's practice of law. In the exercise of reasonable management and supervisory authority, the respondent would have been aware of the unlawful and improper transfers and disbursements of the Baron funds so that remedial action could have been taken to avoid or mitigate the misappropriations of same.

Charge seven alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another person or persons that had been entrusted to the Galasso Langione firm incident to the firm's practice of law and by failing to promptly pay or deliver funds, received in his and/or the firm's fiduciary capacity, to the person or persons entitled to receive such funds, in violation of Code of Professional Responsibility DR 9-102 (a), (c) (4) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a], [c] [4]; 1200.3 [a] [7]).

In or about December 2005 or January 2006, the Galasso Langione firm received the sum of $800,000 on behalf of the estate of George Carroll (hereinafter the estate) in connection with the settlement of a medical malpractice/wrongful death action. The firm's former bookkeeper was instructed to deposit the foregoing funds into an IOLA account maintained by the firm incident to the practice of law. However, the respondent failed to verify that the funds were deposited into the designated IOLA account and failed to ensure that the funds remained safely on deposit in the designated IOLA account until such time as the firm was authorized to disburse the funds to the legal representatives of the estate.

In or about January 2007, the legal representatives of the estate received written notice from the firm that the firm's for-

mer bookkeeper had misappropriated the funds entrusted to them on behalf of the estate.

In or about January 2008, the firm disbursed $85,791.36 to the estate, representing payment of a portion of the total received by the firm that remains due and owing to the estate. The representatives of the estate, through their attorneys, have demanded payment of the balance due and owing from the funds entrusted to the firm on behalf of the estate. To date, neither the respondent nor the firm has paid the balance due and owing to the estate.

Charge eight alleges that the respondent failed to supervise a nonlawyer employee of the Galasso Langione firm, resulting in the misappropriation of funds received on behalf of the estate, in violation of Code of Professional Responsibility DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]).

The respondent permitted his former bookkeeper to handle the firm's banking and bookkeeping responsibilities and relied on the firm's former bookkeeper to reconcile the firm's IOLA accounts. However, the respondent failed to properly supervise the firm's former bookkeeper with respect to the foregoing, and failed to properly review, audit, and/or reconcile the firm's IOLA accounts. In the exercise of reasonable management and supervisory authority, the respondent would have been aware of the inappropriate handling of the firm's IOLA accounts and the unlawful and improper disbursements of funds received on behalf of the estate so that remedial action could have been taken to avoid or mitigate the losses suffered by the estate.

Charge nine alleges that the respondent breached his fiduciary duty by failing to safeguard funds belonging to another person or persons that had been entrusted to the Galasso Langione firm incident to the practice of law and by failing to promptly pay or deliver funds received in a fiduciary capacity to the person or persons entitled to receive those funds, in violation of Code of Professional Responsibility DR 9-102 (a), (c) (4) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a], [c] [4]; 1200.3 [a] [7]).

In or about July 2006, the Galasso Langione firm received the sum of $175,000 on behalf of Adele Fabrizio in connection with the settlement of a personal injury action. The firm's former bookkeeper was instructed to deposit the funds into an IOLA account maintained by the firm incident to the practice of law. However, the respondent failed to verify that the funds were deposited into the designated IOLA account and failed to ensure

that the funds remained safely on deposit until such time as the firm was authorized to disburse them to Ms. Fabrizio.

In or about January 2007, Ms. Fabrizio received written notice from the firm that the firm's former bookkeeper had misappropriated the funds entrusted to the firm on her behalf. Ms. Fabrizio, through her agents and/or legal representative, has demanded payment of the funds entrusted to the firm that are due and owing to her. To date, the respondent and/or the firm have failed to pay over the funds entrusted to them that remain due and owing to Ms. Fabrizio.

Charge ten alleges that the respondent failed to supervise a nonlawyer employee of the Galasso Langione firm, resulting in the misappropriation of funds received on behalf of Adele Fabrizio, in violation of Code of Professional Responsibility DR 1-104 (d) (2) (22 NYCRR 1200.5 [d] [2]).

In the exercise of reasonable management and supervisory authority, the respondent would have been aware of the inappropriate handling of the firm's IOLA accounts, and the unlawful and improper disbursement of funds received on behalf of Ms. Fabrizio, so that remedial action could have been taken to avoid or mitigate the losses to Ms. Fabrizio.

Based upon the respondent's admissions and the evidence adduced, the Special Referee properly sustained all 10 charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross motion to disaffirm the Special Referee's report is denied.

In determining an appropriate measure of discipline to impose, the Court notes the respondent's testimony as to the negative impact the conduct of his bookkeeper and brother, Anthony Galasso, has had on his personal and professional life; the changes he has made with respect to his business practices; his cooperation in connection with the criminal prosecution of his bookkeeper and brother, Anthony Galasso; and his pursuit of lawsuits against, among others, Signature Bank, in an effort to reclaim the misappropriated Baron funds, as well as the funds misappropriated from the estate and from Adele Fabrizio. In addition, the Court considered the 37 letters of good character submitted on the respondent's behalf. However, we find that the respondent failed to maintain appropriate vigilance over his firm's bank accounts, resulting in actual and substantial harm to clients (cf. Matter of Forman, 250 AD2d 116 [1998]).

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

MASTRO, A.P.J., RIVERA, DILLON, ANGIOLILLO and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report is denied; and it is further,

Ordered that the respondent, Peter J. Galasso, admitted as Peter John Galasso, is suspended from the practice of law for a period of two years, commencing March 21, 2012, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 23, 2013. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Peter J. Galasso, admitted as Peter John Galasso, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application, or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Peter J. Galasso, admitted as Peter John Galasso, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).