Appeals from an order of the Supreme Court, Kings County (Laura Jacobson, J.), dated May 5, 2015. The order, insofar as appealed from, denied those branches of the motion of the defendants Svetlana Bikvan, Lawrence Melniker, New York Methodist Hospital, and Park Slope Emergency Physician Service, P.C., which were for summary judgment dismissing the complaints insofar as asserted against the defendants New York Methodist Hospital and Park Slope Emergency Physician Service, PC., respectively, and denied the separate motion of the defendant Hady G. Oghia for summary judgment dismissing the complaint asserted against him.
 

 Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the appellants appearing separately and filing separate briefs.
 

 The infant plaintiff, by his mother and natural guardian, and his mother, individually, commenced three actions, which were subsequently consolidated, against, among others, the defendants Hady G. Oghia, New York Methodist Hospital (hereinafter Methodist), and Park Slope Emergency Physician Service, PC. (hereinafter Park Slope; hereinafter collectively the appellants), alleging medical malpractice regarding the care they provided the infant plaintiff in December 2003. The plaintiffs alleged that as a result of the appellants’ medical malpractice, the child was belatedly diagnosed with a ruptured appendix and abscesses that had formed within the abdominal cavity. The plaintiffs further alleged that the ruptured appendix and subsequent surgical procedures to clean out the infection were the proximate causes of the development of a kidney abscess in October 2004, which ultimately required a nephrectomy. Methodist and Park Slope appeal from so much of an order of the Supreme Court as denied those branches of their motion, made jointly with other defendants, which were for summary judgment dismissing the respective complaints insofar as asserted against them. Oghia separately appeals from so much of the same order as denied his separate motion for summary judgment dismissing the complaint asserted against him.
 

 “In an action sounding in medical malpractice, a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient’s injuries” (Matos v Khan, 119 AD3d 909, 910 [2014]; see Guctas v Pessolano, 132 AD3d 632, 633 [2015]; Poter v Adams, 104 AD3d 925, 926 [2013]; Salvia v St. Catherine of Sienna Med. Ctr., 84 AD3d 1053, 1053-1054 [2011]; Heller v Weinberg, 77 AD3d 622, 622-623 [2010]). Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant’s prima facie showing, but only as to those elements on which the defendant met the prima facie burden (see Guctas v Pessolano, 132 AD3d at 633; Poter v Adams, 104 AD3d at 926; Stukas v Streiter, 83 AD3d 18, 23-24 [2011]).
 

 Here, the appellants met their prima facie burden by submitting the affirmations of their experts, who opined that the alleged departures from accepted medical practice resulting in a ruptured appendix were not a proximate cause of the infant plaintiff’s subsequent kidney infection 10 months later (see Weingarten v St. Vincent’s Hosp. & Med. Ctr., 148 AD3d 1211, 1212 [2017]; Contreras v Adeyemi, 102 AD3d 720, 721 [2013]). In opposition, however, the plaintiffs raised triable issues of fact by submitting the affirmation of a medical expert, who opined, inter alia, that the kidney abscess was caused by a walled-off hematoma left over from the open appendectomy that had become infected months later. Conflicting expert opinions raise credibility issues which are to be resolved by the factfinder (see Guctas v Pessolano, 132 AD3d at 633; Loaiza v Lam, 107 AD3d 951, 953 [2013]; Roca v Perel, 51 AD3d 757, 759 [2008]). Contrary to the appellants’ contentions, the affirmation of the plaintiffs’ expert was not deficient by reason of the redaction of the expert’s name, since “ ‘[t]he unredacted original was offered to the court for ... in camera inspection, as is required’ ” (Turi v Birk, 118 AD3d 979, 980 [2014], quoting Cerny v Williams, 32 AD3d 881, 886 [2006]; see Marano v Mercy Hosp., 241 AD2d 48, 50 [1998]). Furthermore, the affirmation satisfied the requirements of CPLR 2106 (a).
 

 Accordingly, the Supreme Court properly denied summary judgment to the appellants.
 

 Dillon, J.P., Balkin, Hall and LaSalle, JJ., concur.