Lefkowitz v Kelly (2019 NY Slip Op 02328)





Lefkowitz v Kelly


2019 NY Slip Op 02328


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-08128
 (Index No. 467/11)

[*1]Israel Lefkowitz, respondent, 
v
Christopher Kelly, etc., et al., appellants, et al., defendants.


Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner of counsel), for appellants.
Koss & Schonfeld, LLP, New York, NY (Jacob J. Schindelheim of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Christopher Kelly and New York University Medical Center appeal from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated June 13, 2016. The order, insofar as appealed from, denied that branch of the motion of those defendants which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 26, 2008, at approximately 3:45 p.m., the plaintiff underwent a surgical procedure at the defendant New York University Medical Center (hereinafter NYU) to remove a ureteral stone in his left ureter. The surgery was performed by the defendant Christopher Kelly (hereinafter together with NYU, the defendants) and was completed without apparent complications. The plaintiff was discharged approximately nine hours later. Approximately 10 hours after his discharge, the plaintiff returned to NYU complaining of abdominal pain and an inability to urinate. A computerized tomography (CT) scan revealed a perforation at the dome of the plaintiff's bladder. That same day, at approximately 6:00 p.m., Kelly performed an exploratory laparotomy and bladder perforation repair.
In January 2011, the plaintiff commenced this action against, among others, the defendants to recover damages for, inter alia, medical malpractice. The defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. In opposition, the plaintiff submitted an unsworn affidavit of a board-certified urologist. In an order dated June 13, 2016, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them. The defendants appeal.
" The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damages'" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960, quoting Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842). To [*2]prevail on a motion for summary judgment in a medical malpractice action, a defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d at 960; see Burger v Das, 159 AD3d 667, 668). If the defendant makes such a showing, "a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Deutsch v Chaglassian, 71 AD3d 718, 719; see Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519; see Stucchio v Bikvan, 155 AD3d 666, 667).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law through the submission of an affirmation of a board-certified urologist and the plaintiff's medical records, which established that there was no departure from good and accepted practice by the defendants (see Smith v Mollica, 158 AD3d 656, 658; Spiegel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1128). The defendants' expert opined that Kelly properly performed the surgery to remove the plaintiff's ureteral stone and that the perforation was not caused by improper technique or any other surgical negligence. In opposition, however, the plaintiff raised a triable issue of fact through the submission of the unsworn affidavit of a board-certified urologist. Although it is true that the unsworn affidavit of the plaintiff's expert does not constitute competent evidence to oppose a motion for summary judgment, the defendants failed to raise this issue in the Supreme Court and, therefore, any deficiency in the plaintiff's submission has been waived (see Kibler v Gillard Constr., Inc., 53 AD3d 1040, 1042; Scudera v Mahbubur, 299 AD2d 535, 535). The plaintiff's expert opined that the plaintiff's injuries would not have occurred had proper technique been applied and that "improper use of the cystoscope and/or ureteroscope caused one or both of those instruments to extend beyond the surgical field, where it came into contact with the dome of the bladder and caused the injuries claimed in this lawsuit" (see Stucchio v Bikvan, 155 AD3d at 667; Gray v Wyckoff Hgts. Med. Ctr., 155 AD3d 616, 618). We agree with the Supreme Court's conclusion that Kelly's deposition testimony regarding proximate causation was not stated with an acceptable degree of medical certainty and that, therefore, the affidavit of the plaintiff's expert was neither conclusory nor speculative for failing to address the assertion Kelly made during his deposition regarding proximate causation.
The defendants' remaining contention is without merit.
Accordingly, in light of the conflicting expert opinions submitted by the parties, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court