Galasso, Langione & Botter, LLP v Galasso (2019 NY Slip Op 07769)





Galasso, Langione & Botter, LLP v Galasso


2019 NY Slip Op 07769


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2016-12230
 (Index Nos. 10038/07, 19198/07, 14211/07, 1510/09)

[*1]Galasso, Langione & Botter, LLP, etc., appellant,
v
Anthony P. Galasso, defendant, Signature Bank, respondent. (Action No. 1.)
Galasso, Langione & Botter, LLP, et al., appellants,Signature Bank, respondent, et al., defendants. (Action No. 2.)
Signature Bank, plaintiff,
v
Galasso, Langione & Botter, et al., defendants. (Action No. 3.)
Wendy Baron, et al., respondents-appellants,Anthony Galasso, et al., defendants, Galasso, Langione, LLP, et al., appellants-respondents. (Action No. 4.)


Galasso & Langione, LLP, Garden City, NY (Peter J. Galasso pro se of counsel), for appellants and appellants-respondents.
Anthony A. Capetola, Williston Park, NY (Michael C. Barrows of counsel), for respondents-appellants.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Richard F. Harrison, William E. Vita, and Naeemah Clark of counsel), for respondent.



DECISION & ORDER
In related actions, inter alia, to recover damages for negligence and breach of fiduciary duty, the plaintiff in Action No. 1, the plaintiffs in Action No. 2, and Galasso, Langione, LLP, Galasso, Langione & Botter, LLP, Galasso, Langione, Catterson & LoFrumento, LLP, Peter Galasso, Alan Botter, and GC Lawcondo, LLC, defendants in Action No. 4, appeal, and the plaintiffs in Action No. 4 cross-appeal, from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), dated September 19, 2016. The order, insofar as appealed from, (1) granted that branch of the motion of Signature Bank, a defendant in Action Nos. 1 and 2, which was for summary judgment dismissing the fifth cause of action asserted against it in Action Nos. 1 and 2, and denied that branch of the motion of the plaintiff in Action No. 1 and the plaintiffs in Action No. 2 which was for summary judgment on those causes of action, (2) denied those branches of the motion of Galasso, Langione, LLP, Galasso, Langione & Botter, LLP, Galasso, Langione, Catterson & LoFrumento, LLP, Peter Galasso, James Langione, Alan Botter, and GC Lawcondo, LLC, defendants [*2]in Action No. 4, which were for summary judgment dismissing (a) the second, fourth, sixth, and twelfth causes of action in that action insofar as asserted against Galasso, Langione, LLP, Galasso, Langione & Botter, LLP, Galasso, Langione, Catterson & LoFrumento, LLP, Peter Galasso, and Alan Botter, (b) the eighth cause of action in that action insofar as asserted against GC Lawcondo, LLC, and (c) the tenth cause of action in that action insofar as asserted against Peter Galasso, and (3) granted those branches of the motion of the plaintiffs in Action No. 4 which were for summary judgment (a) on the second, fourth, and twelfth causes of action in that action insofar as asserted against Galasso, Langione, LLP, Galasso, Langione & Botter, LLP, Galasso, Langione, Catterson & LoFrumento, LLP, and Peter Galasso, and (b) on the eighth cause of action insofar as asserted against GC Lawcondo, LLC. The order, insofar as cross-appealed from, granted that branch of the motion of Signature Bank, a defendant in Action Nos. 1 and 2, which was for summary judgment dismissing the fifth cause of action asserted against it in Action Nos. 1 and 2, and denied that branch of the motion of the plaintiff in Action No. 1 and the plaintiffs in Action No. 2 which was for summary judgment on those causes of action.
ORDERED that the cross appeal is dismissed, without costs or disbursements, as the plaintiffs in Action No. 4 are not aggrieved by the portions of the order cross-appealed from (see CPLR 5511); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of Signature Bank, a defendant in Action Nos. 1 and 2, which was for summary judgment dismissing the fifth cause of action asserted against it in Action No. 1, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provisions thereof denying those branches of the motion of Galasso, Langione, LLP, Galasso, Langione & Botter, LLP, Galasso, Langione, Catterson & LoFrumento, LLP, Peter Galasso, James Langione, Alan Botter, and GC Lawcondo, LLC, defendants in Action No. 4, which were for summary judgment dismissing the second cause of action in that action insofar as asserted against Peter Galasso and the sixth cause of action in that action insofar as asserted against Galasso, Langione, LLP, Galasso, Langione & Botter, LLP, Galasso, Langione, Catterson & LoFrumento, LLP, Peter Galasso, and Alan Botter, and substituting therefor provisions granting those branches of the motion, and (3) by deleting the provision thereof granting that branch of the motion of the plaintiffs in Action No. 4 which was for summary judgment on the second cause of action in that action insofar as asserted against Peter Galasso, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
Anthony Galasso (hereinafter Anthony) was the bookkeeper and office manager for the law firm Galasso, Langione & Botter, LLP (hereinafter the Firm), where his brother, Peter Galasso (hereinafter Peter), was a named partner. In 2002, the Firm began banking with Signature Bank (hereinafter Signature). According to Peter, the Firm intended to open two operating accounts and an IOLA account at Signature. Applications for those accounts were completed by Peter and his law partner James Langione and given to Anthony to submit to the bank. Instead, however, Anthony submitted forged account applications for three operating accounts, on which Anthony was listed as a signatory, and as well as an IOLA account. The applications requested that the Firm have access to Internet banking. A user-ID and password were mailed to the Firm's street address and acquired by Anthony, who opened the mailing.
In 2004, Peter represented Stephen Baron in a matrimonial action commenced by Wendy Baron. The Barons entered into an escrow agreement with Peter, as the designated escrow agent, in which Peter agreed to hold proceeds in the sum of $4,840,862.34, derived from a sale of commercial property owned by Stephen Baron, pending further order of the matrimonial court. Anthony, in his capacity as office manager, deposited the funds at Signature into an escrow account entitled "Galasso Langione LLP as Escrow Agents for Stephen Baron" (hereinafter the Baron escrow account). Peter and Langione were the only authorized signatories on the account application completed by the Firm. However, Anthony altered the escrow account application to include himself as a signatory and to permit electronic funds transfers. Signature accepted the application.
Between June 23, 2004, and January 17, 2007, Anthony transferred approximately $4,501,571 from the Baron escrow account into other Firm accounts maintained at Signature through the use of Internet transfers. The funds transferred from the Baron escrow account were then disbursed to Peter and the Firm's employees, without their knowledge, in order to replace funds that Anthony had previously removed from other accounts. Additionally, approximately $360,000 in funds transferred from the Baron escrow account was used to finance the purchase of the Firm's office condominium by GC Lawcondo, LLC (hereinafter GC Lawcondo). To conceal this conduct, Anthony arranged for the Firm's account statements, including for the Baron escrow account, to be sent to a post office box. He then fabricated false account statements for review by the Firm.
Although the Barons demanded payment of the funds held in escrow after they were authorized to do so by the matrimonial court, by then the funds had been depleted and more than $4.3 million remains due and owing to them. Stemming from these events, Peter was suspended from the practice of law for a period of two years, based upon nine disciplinary charges sustained against him (see Matter of Galasso, 19 NY3d 688; Matter of Galasso, 105 AD3d 103; Matter of Galasso, 94 AD3d 30, mod 19 NY3d 688).
At issue here, the Firm commenced Action No. 1, seeking, in the fifth cause of action asserted against Signature, to recover damages for Signature's alleged negligence in permitting Anthony to be a signatory on the Baron escrow account and to have Internet access to the account. The Firm, Peter, and Langione commenced Action No. 2, seeking, in the fifth cause of action asserted against Signature, to recover damages for Signature's alleged negligence in failing to investigate the facts and circumstances of the withdrawals and transfers made by Anthony from the IOLA account. The plaintiff in Action No. 1 and the plaintiffs in Action No. 2 moved, inter alia, for summary judgment on these causes of action, and Signature moved, inter alia, for summary judgment dismissing these causes of action. The Supreme Court denied those branches of the motion of the plaintiff in Action No. 1 and the plaintiffs in Action No. 2, and granted those branches of Signature's motion. The plaintiff in Action No. 1 and the plaintiffs in Action No. 2 appeal.
The Barons commenced Action No. 4 against, among others, Galasso, Langione, LLP, Galasso, Langione & Botter, LLP, Galasso, Langione, Catterson & LoFrumento, LLP (hereinafter collectively the law firm defendants), Peter, Langione, Alan Botter, and GC Lawcondo. The Barons sought, inter alia, to recover damages for unjust enrichment (second cause of action), conversion (fourth cause of action), legal malpractice (sixth cause of action), and breach of fiduciary duty (tenth cause of action), to hold the law firm defendants, Peter, and Langione vicariously liable for Anthony's wrongdoing (twelfth cause of action), and to impose a constructive trust, inter alia, on the commercial office condominium purchased by GC Lawcondo (eighth cause of action). The law firm defendants, Peter, Langione, Botter, and GC Lawcondo (hereinafter collectively the moving defendants) moved, inter alia, for summary judgment dismissing the amended complaint in Action No. 4 insofar as asserted against them, and the Barons moved, inter alia, for summary judgment on the amended complaint in Action No. 4 insofar as asserted against the law firm defendants, Peter, and, in effect, GC Lawcondo. The Supreme Court, inter alia, (1) denied those branches of the moving defendants' motion which were for summary judgment dismissing the unjust enrichment, conversion, legal malpractice, and vicarious liability causes of action insofar as asserted against the law firm defendants, Peter, and Botter, the breach of fiduciary duty cause of action insofar as asserted against Peter, and the constructive trust cause of action insofar as asserted against GC Lawcondo, and (2) granted those branches of the Barons' motion which were for summary judgment on the unjust enrichment, conversion, and vicarious liability causes of action insofar as asserted against the law firm defendants and Peter, and the constructive trust cause of action insofar as asserted against GC Lawcondo. The law firm defendants, Peter, Botter, and GC Lawcondo appeal.
The Supreme Court should not have granted that branch of Signature's motion which was for summary judgment dismissing the fifth cause of action asserted against it in Action No. 1, alleging negligent conduct with respect to the Baron escrow account. In light of the expert affidavits submitted by both Signature and the plaintiff in Action No. 1, there are triable issues of fact as to whether Signature was negligent in knowingly permitting Anthony—a nonattorney—to be a signatory on the Baron escrow account, and as to whether any such negligence was a proximate [*3]cause of the loss of funds deposited in the Baron escrow account (see generally Stucchio v Bikvan, 155 AD3d 666, 667). For the same reasons, we likewise agree with the court's determination to deny that branch of the motion of the plaintiff in Action No. 1 which was for summary judgment on the fifth cause of action asserted against Signature (see generally id. at 667).
We agree with the Supreme Court's determination to grant that branch of Signature's motion which was for summary judgment dismissing the fifth cause of action asserted against it in Action No. 2, and to deny that branch of the motion of the plaintiffs in that action which was for summary judgment on that cause of action. That cause of action alleged negligent conduct with respect to the IOLA account on which, unlike the Baron escrow account, Anthony was not a signatory. Generally, a depositary bank has no duty to monitor fiduciary accounts maintained at its branches in order to safeguard funds in those accounts from misappropriation (see Matter of Knox [Columbia Banking Fed. Sav. & Loan Assn.], 64 NY2d 434, 438; Baron v Galasso, 83 AD3d 626, 628; Norwest Mtge. v Dime Sav. Bank of N.Y., 280 AD2d 653, 654). Although "[l]iability may be imposed if a depositary bank has actual knowledge or notice that a diversion will occur or is ongoing," here, Signature demonstrated, prima facie, that it lacked actual knowledge of Anthony's misconduct or of facts sufficient to trigger a duty of inquiry on its part (Norwest Mtge. v Dime Sav. Bank of N.Y., 280 AD2d at 654; see Baron v Galasso, 83 AD3d at 628). In opposition, the plaintiffs in Action No. 2 failed to raise a triable issue of fact.
The Supreme Court should have granted that branch of the motion of the moving defendants in Action No. 4 which was for summary judgment dismissing the second cause of action, alleging unjust enrichment, insofar as asserted against Peter, and denied that branch of the Barons' motion which was for summary judgment on that cause of action insofar as asserted against Peter. The escrow agreement between the Barons and Peter precludes recovery from Peter in quasi contract for losses arising from the escrow agreement (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23; CSI Group, LLP v Harper, 153 AD3d 1314, 1317).
We agree with the Supreme Court's determination to deny that branch of the motion of the moving defendants in Action No. 4 which was for summary judgment dismissing the second cause of action insofar as asserted against the law firm defendants, and to grant that branch of the Barons' motion which was for summary judgment on that cause of action insofar as asserted against the law firm defendants. The Barons established their prima facie entitlement to judgment as a matter of law against the law firm defendants by adducing evidence that the law firm defendants were enriched at the Barons' expense by Anthony's transfer of funds from the Baron escrow account into the Firm's accounts, and that it is against equity and good conscience to permit the law firm defendants to retain the funds (see Mobarak v Mowad, 117 AD3d 998, 1001). In opposition, the moving defendants failed to raise a triable issue of fact. Further, we agree with the court's determination to deny that branch of the moving defendants' motion which was for summary judgment dismissing this cause of action insofar as asserted against Botter because they failed to adduce evidence demonstrating, prima facie, that he was not enriched at the Barons' expense.
The Supreme Court should have granted that branch of the motion of the moving defendants in Action No. 4 which was for summary judgment dismissing the sixth cause of action, alleging legal malpractice, insofar as asserted against the law firm defendants, Peter, and Botter. The Barons' allegations that the law firm defendants, Peter, and Botter failed to adequately supervise Anthony and monitor bank accounts did not constitute an allegation that those parties provided inadequate legal representation to Stephen Baron in the matrimonial action (cf. Postiglione v Castro, 119 AD3d 920, 922). In opposition, the Barons failed to raise a triable issue of fact.
We agree with the Supreme Court's determination to deny that branch of the motion of the moving defendants in Action No. 4 which was for summary judgment dismissing the tenth cause of action, alleging breach of fiduciary duty, insofar as asserted against Peter. Contrary to the moving defendants' contention, they failed to demonstrate, prima facie, that Peter's alleged breach of his fiduciary duty to safeguard the funds in the Baron escrow account was not a proximate cause of the Barons' loss of the funds (see Matter of Galasso, 19 NY3d at 694-695). In that respect, an intervening act, such as Anthony's theft of the funds, "may not serve as a superseding cause, and [*4]relieve an actor of responsibility, where the risk of the intervening act occurring is the very same risk which renders the actor negligent" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 316; see Santaiti v Town of Ramapo, 162 AD3d 921, 927).
We agree with the Supreme Court's determination to grant that branch of the Barons' motion which was for summary judgment on the twelfth cause of action in Action No. 4, seeking to impose vicarious liability for Anthony's misconduct, insofar as asserted against the law firm defendants and Peter. Under the doctrine of respondeat superior, an employer may be held vicariously liable for the torts committed by an employee who is acting within the scope of employment (see Riviello v Waldron, 47 NY2d 297, 302). "While such vicarious liability does not arise from acts that are committed for the employee's personal motives unrelated to the furtherance of the employer's business, those acts which the employer could reasonably have foreseen are within the scope of the employment and thus give rise to liability under the doctrine of respondeat superior, even where those acts constitute an intentional tort or a crime" (Holmes v Gary Goldberg & Co., Inc., 40 AD3d 1033, 1034 [citations omitted]; see Riviello v Waldron, 47 NY2d at 302-305). "[F]or an employee to be regarded as acting within the scope of his [or her] employment, the employer need not have foreseen the precise act or the exact manner of the injury as long as the general type of conduct may have been reasonably expected" (Riviello v Waldron, 47 NY2d at 304).
Here, contrary to the moving defendants' contention, the Barons established, prima facie, that Anthony was acting within the scope of his employment by demonstrating that Anthony's theft of the Barons' funds was foreseeable (see Holmes v Gary Goldberg & Co., Inc., 40 AD3d at 1035; Hatton v Quad Realty Corp., 100 AD2d 609, 610). In opposition, the moving defendants failed to raise a triable issue of fact. For the same reasons, we agree with the Supreme Court's determination to deny that branch of the moving defendants' motion which was for summary judgment dismissing the twelfth cause of action insofar as asserted against the law firm defendants and Peter. We also agree with the court's determination to deny that branch of the moving defendants' motion which was for summary judgment dismissing this cause of action insofar as asserted against Botter, because they failed to adduce evidence establishing, prima facie, that he did not directly supervise Anthony (see Partnership Law § 26[c]).
Contrary to the contention of the moving defendants in Action No. 4, Peter was not entitled to summary judgment dismissing any portion of the amended complaint on the basis of a limitation-of-liability provision in the escrow agreement, since questions of fact exist as to whether there was any gross negligence on his part (see Dolphin Holdings, Ltd. v Gander & White Shipping, Inc., 122 AD3d 901, 903).
We agree with the Supreme Court's determination to grant that branch of the Barons' motion which was for summary judgment on the eighth cause of action in Action No. 4, seeking the imposition of a constructive trust, insofar as asserted against GC Lawcondo, and to deny that branch of the motion of the moving defendants which was for summary judgment dismissing that cause of action insofar as asserted against GC Lawcondo. " [A] constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee'" (Simonds v Simonds, 45 NY2d 233, 241, quoting Beatty v Guggenheim Exploration Co., 225 NY 380, 386). The elements of a constructive trust are: "(1) a confidential or fiduciary relationship, (2) [an express or implied] promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise" (Sanxhaku v Margetis, 151 AD3d 778, 779; see Kaprov v Stalinsky, 145 AD3d 869, 871). However, these elements "serve only as a guideline, [and] a constructive trust may still be imposed even if all of the elements are not established" (Marini v Lombardo, 79 AD3d 932, 933; see Kaprov v Stalinsky, 145 AD3d at 871; Giammona v 72 Mark Lane, LLC, 143 AD3d 941, 943). Here, the Barons demonstrated their prima facie entitlement to the remedy of a constructive trust by showing that escrow funds entrusted to Peter were used by GC Lawcondo, an entity wholly owned and controlled by the Firm, to purchase a commercial office condominium to be used as a law office. The moving defendants failed to raise a triable issue of fact in opposition.
The parties' remaining contentions are without merit.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court